In re TUDOR GABLES BUILDING CORPORATION.

BARKHAUSEN et al. v. TUDOR GABLES BUILDING CORPORATION et al.

CHICAGO TITLE & TRUST CO. v. SAME.

DREXEL GABLES BUILDING CORPORATION v. SAME.

Nos. 5713, 5760, 5714, 5761, 5715.

Circuit Court of Appeals, Seventh Circuit.

May 1, 1936.

Edward R. Adams, Sidney S. Gorham, Jr., and Robert W. Wales, all of Chicago, Ill., for committee and Chicago Title & Trust Co.

Leo S. Samuels and Adolph A. Rubinson, both of Chicago, Ill., for Drexel Gables Building Corporation and others.

Charles W. Lamborn, of Chicago, Ill., for Tudor Gables Building Corporation.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

SPARKS, Circuit Judge.

These appeals arise out of orders of the District Court in approving a plan of reorganization under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207) for the Tudor Gables Building Corporation, and in passing upon claims for services said to have been rendered in the formulation and adoption of the plan. Appeals numbered 5713, 5714 and 5715 were allowed by this court under section 24b of the Bankruptcy Act, as amended (11 U.S.C.A. § 47(b). Appeals numbered 5760 and 5761 were allowed by the District Court and were prosecuted from the same order and raise the same question as appeals numbered respectively 5713 and 5714.

The bondholders' committee had filed its application for reimbursement of its expenses and compensation for its services. This claim included the services of the Chicago Title & Trust Company which it had performed for the committee both as depository and agent. By permission of the District Court, the trust company intervened and submitted evidence showing the volume of work performed, the efficiency with which it was discharged, and the compensation due it from the committee. The claim sought compensation for services rendered both before and after the filing of the debtor's petition for reorganization under section 77B, and the master recommended an allowance for the entire services.

Upon consideration of the master's report, the District Court made certain allowances for depository and secretarial services rendered after the filing date of the petition for reorganization under section 77B, but denied any compensation for services rendered prior to that time. In a memorandum opinion, the court said that this ruling was made in accordance with the principles set forth in its opinion announced that day, In re 2747 Milwaukee Avenue Building Corporation (D.C.) 12 F. Supp. 557, wherein the same question was presented. In that case, the District Court held that under the applicable statutes it was without power to allow compensation for any services rendered prior to the filing date of the petition for reorganization under section 77B. From the order thus entered in this case, the bondholders' committee and the Chicago Title & Trust Company have appealed.

Thereafter, the reorganized corporation and certain depositing and non-depositing first mortgage bondholders, including appellants in cause No. 5715, petitioned the District Court to fix the amount of compensation which the bondholders' committee could obtain from the bondholders who had deposited their securities with the committee under the deposit agreement. The court thereupon denied the petition, and from that order appellants in cause No. 5715 have appealed by permission of this court. All of these appeals were consolidated in this court for hearing.

We can not say that the court erred in not allowing fees for services rendered prior to the bankruptcy proceeding. That would depend upon whether any of such services materially aided in the formulation or adoption of the plan. That point was not considered by the District Court, and it is quite apparent that it did not consider the evidence, if any, which supported those services. The court held that it was without power under the statutes to make allowance for such services, however valuable they may have been in the accomplishment of the reorganization. In this ruling we think there was error. In re National Lock Co. (Compton v. National Lock Co.), 82 F.(2d) 600, decided by this court April 10, 1936. We do not intimate that all or any part of the services in question should be allowed by the District Court. That is a matter which the District Court must first pass upon before we can review it.

Appellants in cause No. 5715 concede that if this court holds that the District Court erred in refusing to allow fees for services rendered prior to the proceeding in bankruptcy by the appellants in the other cases, then no question arises as to the issue raised by their appeal. It therefore becomes unnecessary for us to rule on the issue raised by that appeal. The ruling in causes numbered 5713, 5760, 5714 and 5761 is reversed. All the causes are remanded with instructions to consider the evidence with respect to the services rendered in aid of the plan, if any, prior to the bankruptcy proceedings, to enter findings and decree accordingly, and for further proceedings not inconsistent with this opinion.