SPARKS, Circuit Judge.
This case presents the same question as was decided by this court in the cases, In re National Lock Co., 82 F.(2d) 600, and In re Tudor Gables Bldg. Corporation, 83 F.(2d) 871, namely, whether the District Court, in a proceeding for reorganization under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207), has jurisdiction to allow any compensation to a bondholders’ committee and its attorneys for services rendered and expenses incurred prior to the filing of the proceedings. The court in its order disallowed any such compensation, and, while it allowed some compensation for services and expenses after the filing of the petition, it materially reduced the amount from that claimed.
The court in ruling on the question of compensation specifically stated that all said services contributed to the final reorganization of the debtor corporation pursuant to the plan of reorganization adopted therein and the decrees of the court approving and confirming same, but that there was compensable from the estate of the debtor only that part of such services or expenses as were rendered or incurred subsequent to the institution of the reorganization proceedings. We held otherwise in the cases referred to above, In re National Lock Co., and In re Tudor Gables Bldg. Corporation. It is earnestly insisted by appellees that our rulings in those cases are not sound with *3 respect to the questions here presented Further consideration of the statute, however, and of appellees’ argument herein, convinces us that the rulings in those cases should stand, As was stated in the Tudor Gables Case, supra, we do not intimate that all or any part of the services rendered pri- or to the filing of the petition should be allowed by the District Court, but merely that they should be considered m determming whether or not they were of any value in the formulation and approval of the plan which was adopted.
. „ . , ^ j a . .. Appellants further contend that the court erred m al owing them less than a fair and reasonable amount for their services and expenses after the filing of the petition for reorganization. We think this contention is without merit. It presents a question of fact upon which the District Court was quite qualified to pass, and we cannot disturb the finding.
The ruling of the District Court is reversed and the cause is remanded with instructions to consider evidence with respect to the value of the services rendered in aid of the plan prior to the institution of the reorganization proceedings, and to enter findings and a decree accordingly, and for further proceedings not inconsistent with this opinion.